# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 11 2016, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

Ruth Johnson
Marion County Public Defender's Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse Robert Drum
Lyubov Gore
Deputy Attorney Generals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Latasha Jenkins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 11, 2016

Court of Appeals Case No.
49A05-1508-CR-1168

Appeal from the Marion Superior Court

The Honorable Leah Cannon, Judge Pro-Tem

Trial Court Cause No.
49G10-1412-CM-55588

**Pyle, Judge.**

# Statement of the Case

[1] Appellant-defendant Latasha Jenkins ("Jenkins") appeals her conviction of Class B misdemeanor criminal mischief for slashing two of Brandie Davis' ("Davis") tires. She challenges the sufficiency of the evidence to support her conviction. Concluding that the evidence is sufficient to support Jenkins' conviction, and because her arguments amount to nothing more than invitations to reweigh the evidence, we affirm.

[2] We affirm.

# Issue

> Whether there is sufficient evidence to support Jenkins' conviction of Class B misdemeanor criminal mischief.

# Facts

[3] Jenkins and Marcus Lynam ("Lynam") dated for eight years and have a child together. In November 2014, Lynam owed Jenkins "hundreds of dollars and more" of child support. (Tr. 45). At that time, Lynam was married to Davis, and Jenkins lived three blocks away from them.

[4] At approximately 7:15 a.m. on November 19, 2014, Davis and her neighbor left the apartment building where they both lived to get into Davis' car. As they approached the car, both woman saw Jenkins crouched down by the car's tires with an object in her hands. When Jenkins saw the women, she ran to a nearby car and drove away. When Davis and her neighbor reached the car, they

discovered that two of Davis' tires had been slashed.  Two days later, Jenkins called Davis and told her that "if she [did not] get her child support money she [was] going to keep costing [Davis] money." (Tr. 11).  Davis' neighbor identified Jenkins in a photo array.

[5] The State charged Jenkins with Class B misdemeanor criminal mischief.  At her bench trial, the State presented evidence reflecting the above facts.  Jenkins testified that she slept until 7:30 a.m. or 7:45 a.m. on November 19.  She also testified that at 5'4" tall and 375 pounds, she would not have been able to run anywhere.  The trial court convicted her as charged and sentenced her to 180 days, with two (2) days credit time and 178 days suspended.  Davis appeals her conviction.

## Decision

[6] Jenkins argues that there is insufficient evidence to support her conviction.  Our standard of review for sufficiency of the evidence is well-settled.  When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh the evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008).  We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. *Id.*  We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[7] To convict Jenkins of Class B misdemeanor criminal mischief, the State was required to prove beyond a reasonable doubt that Jenkins knowingly or intentionally damaged or defaced Davis' tires without Davis' consent. *See* IND. CODE § 35-43-1-2(a). Our review of the evidence reveals that both Davis and her neighbor testified that they saw Jenkins crouched down by Davis' tires holding an object. When Jenkins saw the women, she ran and got into a car. When Davis and her neighbor reached the car, they discovered that two tires had been slashed. Jenkins contacted Davis two days later and told her that she would "keep costing [Davis] money" if she was not paid her child support. (Tr. 11). Davis' neighbor identified Jenkins in a photo array. This evidence is sufficient to support Jenkins' conviction.

[8] Jenkins' arguments that it was "dark on the early morning of November 19, 2014, which would make it difficult to identify the person near Ms. Davis' car," and that at 5'4" tall and 375 pounds, "she was not physically capable to 'run' away from anything," are invitations to reweigh the evidence. (Jenkin's Br. 8). This we cannot do. *See Henley*, 881 N.E.2d at 652.

[9] Affirmed.


Baker, J., and Bradford, J., concur.